IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| Sueann Magnus, as next friend for S.G. a minor child,<br>    PLAINTIFF,<br>V.<br>Moyad Inc.<br>Brijal Patel, and<br>Bharat Patel,<br>    DEFENDANTS. | CIVIL ACTION NO.:<br><br><br>COMPLAINT |

### I. JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and to redress the deprivation of rights secured by the FLSA.

### II. PARTIES

2.      Plaintiff, S.G. (hereinafter "Plaintiff" or "S.G.") is a minor child resident of Scottsboro, Jackson County, Alabama, and performed work for the Defendants in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Northeastern Division.

1

3. Defendant MOYAD INC. (hereinafter "Defendant" or MOYAD), is a company registered and doing business in the State of Alabama. Therefore, this Court has personal jurisdiction over Defendant. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

4. Defendant BRIJAL PATEL (hereinafter "Brijal Patel" and/or "Defendant') is an employer within the meaning of the FLSA, as he directed the operations of the Defendant Moyad, Inc., and exercised supervisory control over the Plaintiff as complained of herein in violation of the FLSA. Upon information and belief, Defendant Brijal Patel is a resident of Scottsboro, Jackson County, Alabama, and took part in the events referenced in this case, all of which occurred in the counties composing the Northern District of Alabama.

5. Defendant BHARAT PATEL (hereinafter "Bharat Patel" and/or "Defendant') is an employer within the meaning of the FLSA, as he directed the operations of the Defendant Moyad, Inc., and exercised supervisory control over the Plaintiff as complained of herein in violation of the FLSA. Upon information and belief, Defendant Bharat Patel is a resident of Scottsboro, Jackson County, Alabama, and took part in the events that form the basis for the complaint, all of which occurred in the counties composing the Northern District of Alabama during the events of this case.

## III. STATEMENT OF FACTS

6. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-5 above.

7. Defendants Brijal Patel and Bharat Patel operate Moyad, Inc., doing business as a Subway Franchise located at 24833 John T. Reid Highway, in Scottsboro, Alabama.

8. Moyad, Inc., is a company engaged in commerce or in the production of goods for commerce with annual gross sales in excess of $500,000.00.

9. On or about June 15, 2015, Plaintiff (S.G.) began work with Defendants as a sandwich maker

10. As of the date of this filing, Plaintiff continues to be employed by the defendant.

11. At the time of her initial employment, Plaintiff was only 13 years old.

12. Initially, Bharat Patel paid S.G. a flat rate of $20.00 per day, in cash, for her work without regard to the number of hours that she worked.

13. On or about March 21, 2016, S.G. turned 14.

14. After S.G.'s 14th birthday, Defendants told her that she would be paid at the rate of $6.25 per hour.

15. Brijal Patel instructed Plaintiff to clock in using Patel's own login identification and social security number to keep track of her hours.

16. On some occasions, Defendants paid Plaintiff a wage of $6.25 per hour, in cash, and not a payroll check.

17. At other times, Defendants paid S.G. less than $6.25 per hour.

18. In addition, Defendants applied funds from Plaintiff's pay to a debt that her mother, Sueann Magnus, owed the Patels.

19. As of the date of this filing, Defendants continue to employ Plaintiff.

20. During the summer months, S.G. regularly worked in excess of 40 hours per week.

21. During the school year, S.G. routinely works in excess of 25 hours per week.

22. On weekdays, S.G. has been scheduled to work more than three hours per day.

23. On one Saturday in January 2017, S.G. worked her scheduled shift.

24. During the shift, Bharat Patel telephoned Plaintiff and directed her to meet him outside.

25. When Plaintiff went outside, Bharat Patel was outside with two small bottles of Crown Royal.

26. Bharat Patel then gave the bottles of Crown Royal to S.G., and told her to keep it a secret.

27.     Bharat Patel then said that if S.G. and another underage friend of hers, could keep it a secret, he would take them to a hotel with him to "have fun."

28.     Based on Bharat Patel's intonation and demeanor it appeared that he was propositioning Plaintiff, a minor child, for sex, an act for which S.G. is too young to consent.

29.     S.G. was distressed by the inappropriate proposition and immediately refused the overture.

## IV.    COUNT ONE - FLSA – OVERTIME VIOLATIONS - AGAINST ALL DEFENDANTS

30.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-30 above.

31.     During the two years preceding the filing of this complaint, Defendant classified Plaintiff as a non-exempt employee during one or more weeks of her employment.

32.     During the school year, Plaintiff typically worked over 25 hours in a work week as an employee of Defendant.

33.     Plaintiff usually begins work each school day at 3:30 p.m., and works three hours minimum.

34.     At least once per week, Plaintiff worked from 3:30 p.m., until the store closed at 10:00 p.m.

35. On Saturdays, S.G. worked from 2:00 p.m., until the store closed at 10:00 p.m.

36. On Sundays, S.G. worked from 2:00 p.m. until 9:00 p.m., when the store closes.

37. During the three years preceding the filing of this complaint, Defendant failed to pay Plaintiff overtime pay in one or more weeks in which she worked more than 40 hours.

38. As a result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## V.   COUNT II - MINIMUM WAGE VIOLATION - AGAINST ALL DEFENDANTS

39. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-38 above.

40. During the school year, Plaintiff typically worked over 25 hours in a work week as an employee of Defendant.

41. Plaintiff usually began work each school day at 3:30 p.m., and worked a minimum of three hours.

42. At least once per week, Plaintiff worked from 3:30 p.m., until the store closed at 10:00 p.m.

43. On Saturdays, S.G. worked from 2:00 p.m., until after the store closed at 10:00 p.m.

44. On Sundays, S.G. worked from 2:00 p.m. until after 9:00 p.m., when the store closed.

45. During the two years preceding the filing of this complaint, Defendants failed to pay Plaintiff the federally mandated minimum wage in one or more weeks in which she worked for a fixed daily rate of $20.00.

46. During the two years preceding the filing of this complaint, Defendants failed to pay Plaintiff minimum wage in one or more weeks in which she worked for a fixed hourly rate of $6.25.

47. During the two years preceding the filing of this complaint, Defendant failed to pay Plaintiff the federally mandated minimum wage in one or more weeks in which Defendants deducted her pay and applied it to a debt owed by her mother.

48. Because of Defendants' willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of the federally mandated minimum wage for all the hours she worked.

## VI. COUNT IV - OUTRAGE

49. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-48 above.

50. On one Saturday in January 2017, S.G. worked her scheduled shift.

51. During the shift, Bharat Patel telephoned Plaintiff and directed her to meet him outside.

52. When Plaintiff went outside, Bharat Patel was outside with two small bottles of Crown Royal.

53. Bharat Patel then gave the bottles of Crown Royal to S.G., and told her to keep it a secret.

54. Bharat Patel then said that if S.G. and another underage friend of hers, could keep it a secret, he would take them to a hotel with him to "have fun."

55. Based on Bharat Patel's intonation and demeanor it appeared that he was propositioning Plaintiff, a minor child, for sex, an act for which S.G. is too young to consent.

56. S.G. was distressed by the inappropriate proposition and immediately refused the overture.

57. Defendant, Bharat Patel, in offering alcohol to S.G., who is underage, engaged in behavior intended to cause emotional distress or that he knew or should have known was likely to cause emotional distress.

58. Defendant, Bharat Patel, in offering to take S.G. and another minor girl to a hotel to "have fun" engaged in conduct that was extreme and outrageous. Bharat Patel engaged in behavior intended to cause emotional distress or that he knew or should have known was likely to cause emotional distress.

59.     Defendant, Bharat Patel's outrageous, inappropriate offers of alcohol and "fun" caused S.G. severe distress.

60.     As a result of Defendant Bharet Patel's actions, Plaintiff has suffered emotional distress.

## V.     PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.     The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B.     The Court award Plaintiff the amount of her back overtime pay, plus an additional equal amount as liquidated damages; front pay, compensatory damages, punitive damaged, nominal damages; and special damages;

C.     That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D.     For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

_____
Kira Fonteneau

OF COUNSEL:
FONTENEAU & ARNOLD, LLC
ONE HIGHLAND PLACE
2151 Highland Avenue,
Birmingham, AL
205.252.1550 Office
205.502.4476 Facsimile

### PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

_____
Attorney

### SERVE DEFENDANT AT:
Moyad Inc.
128 FORREST LANE
MERIDIANVILLE, AL 35759

Brijal Patel
Bharat Patel
1002 WILDWOOD DR
SCOTTSBORO, AL 35769-4120